IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY R. MILLER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | No. 12 C 02566 |
| v. | ) | |
| | ) | |
| MARILYN O. MARSHALL, Trustee, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Appellee. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Debtor Sidney R. Miller's appeal of the bankruptcy court's order dismissing his Chapter 13 petition for failure to make plan payments pursuant to 11 U.S.C. § 1307(c)(4). For the reasons set forth below, the bankruptcy court's dismissal is affirmed.

I.  BACKGROUND

On June 3, 2010, Sidney Miller filed the Chapter 13 petition that is the subject of this appeal in the United States Bankruptcy Court for the Northern District of Illinois. *See* Pet., *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. June 3, 2010), Dkt. 1. On July 26, 2010, Miller filed a proposed Chapter 13 repayment plan that provided for payments by the debtor of $1,500 per month for 36 months to the trustee. *See* Proposed Plan, *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. July 26, 2010), Dkt. 24. That same day, however, the bankruptcy court dismissed Miller's case for failure to file required documents within 45 days of filing his petition pursuant to § 521(a)(1) of the Bankruptcy Code. *See* Order, *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. July 27, 2010), *rev'd, In re Miller,* 457 B.R. 684, 688 (N.D. Ill. 2011) (Guzman, J.). Miller appealed that dismissal, and on May 24, 2011, Judge Guzman reversed and remanded the case,

finding that based on the totality of the circumstances the bankruptcy court had granted Miller an extension of time to file the required documents. *See In re Miller,* 457 B.R. at 691.

After the case was remanded on May 24, 2011, Miller filed and noticed a motion on September 15, 2011, with the bankruptcy court seeking a declaration that a § 362 stay was in effect.[1] *See* Mot., *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Sept. 15, 2011), Dkt. 68. That motion was heard and denied on September 19, 2011. Bankr. Hr'g Tr. Sept. 19, 2011, Appellant's Am. Br., Dkt. 15 at 27-34. At the hearing on September 19, the bankruptcy court determined that pursuant to § 362(c) the automatic stay had expired 30 days after the petition had been filed on June 3, 2010 because Miller had a prior Chapter 13 petition (10 B 11741) dismissed within a one-year period of filing the petition in this case and had failed to file a motion to extend the stay within 30 days of filing the new petition. *See id.* at 31-34; *see also* 11 U.S.C. § 362(c)(3). Further, to the extent that Miller was seeking to have his September 15

---

[1] Miller was seeking a stay to fend off an effort by a creditor, Atlantic Municipal Corporation ("Atlantic"), to obtain a tax deed to real property owned by Miller. According to Miller, on November 8, 2010, in the interim between the dismissal of his petition and the reversal by the district court, counsel for Atlantic appeared in a separate Chapter 13 case filed by Miller (10 B 34623), seeking a declaration that an automatic stay pursuant to § 362 of the Bankruptcy Code was not in effect in that matter. *See* Mot., *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Jan. 25, 2012), Dkt. 92 at 2. The bankruptcy judge presiding over that petition (10 B 35623) agreed and entered an order declaring that a § 362 stay was not in effect. *Id.* at 3. Atlantic then filed that order with the Circuit Court of Cook County in the action seeking a tax deed, which granted the deed on September 21, 2011. *See id.* at 3-4. According to Miller, however, at no time did counsel for Atlantic appear in the instant matter (10 B 25290), seeking either relief from the automatic stay or an order that a stay was not in effect *in this case*. *See id.* Miller contends that once the district court reversed the dismissal of his petition in this matter (10 B 25290) on May 14, 2011, the § 362 stay was in effect from the time of the filing of the petition without interruption. He contends, therefore, that Atlantic's action in the Cook County circuit court was subject to a stay in this case, and, as a consequence, that the tax deed obtained by Atlantic is void. *Id.*; *see also* Bankr. Hr'g Tr. Jan. 30, 2012, Appellant's Am. Br., Dkt. 15 at 48-51.

motion construed as a motion to extend the 30-day automatic stay under § 362(c), the bankruptcy court found that the motion was untimely. *Id.* at 32:20-33:4.

About three months after the district court had remanded his case to the bankruptcy court, on August 22, 2011, Miller filed a new proposed Chapter 13 repayment plan. Proposed Plan, *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Aug. 22, 2011), Dkt. 62. That proposed plan called for three monthly payments of $200, for a total of $600, to be paid by Miller to the Chapter 13 trustee. *See id.* at 2. On January 23, 2012, Trustee Marilyn O. Marshall filed a motion to dismiss Miller's petition pursuant to § 1307(c) of the Bankruptcy Code for failure to propose a feasible Chapter 13 plan, failure to make filing fee and plan payments, and inconsistencies in the debtor's stated income. Tr.'s Mot., *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Jan. 23, 2012), Dkt. 43. On January 25, 2012, Miller filed another motion seeking a declaration that a stay was in effect in his case and to confirm his proposed Chapter 13 plan. *See* Mot., *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Jan. 25, 2012), Dkt. 97. Those motions were heard by the bankruptcy court at a hearing held on January 30, 2012. *See* Bankr. Hr'g Tr. Jan. 30, 2012, Appellant's Am. Br., Dkt. 15 at 40.

At the January 30 hearing, Miller again argued that his § 362 automatic stay was in effect as a "right" while he was appealing the first dismissal of his petition. However, the bankruptcy court determined, and Miller admitted, that he never sought a stay pending appeal from either the bankruptcy court or the district court. *Id.* at 48-50, 52:17-18. In any event, as the bankruptcy court had found at the earlier hearing on September 19, 2011, Miller had failed to file a motion to extend the 30-day automatic stay in his case pursuant to § 362(c). Because Miller filed his petition in this case on June 3, 2010, the automatic stay expired on July 3, 2010, well before his petition was dismissed the first time for failure to file required documents. *See* Order, *Miller v.*

*Marshall,* 10 B 25290 (Bankr. N.D. Ill. July, 26, 2010), Dkt. 25 (dismissing Chapter 13 petition pursuant to 11 U.S.C. § 521(a)(1)).

All of that said, before the bankruptcy court reached a final decision on that matter, the following transpired:

> [TRUSTEE]: We still have my motion to dismiss that's pending.
>
> THE COURT: Your motion to dismiss is based on what?
>
> [TRUSTEE]: Bad faith, an unfeasible plan, pretty much everything. The problem is we have this case—the plan calls for three monthly payments and then it's just going to hang around until Mr. Miller is done with the appeals so that there's no feasible plan. When he does his appeals he files everything on an *in pauperis.* He applies for *in pauperis* and says he has no money, yet he's trying to come up with a Chapter 13 plan. To let him do nothing to get this case confirmed, he's appealing everything and he's chasing down all the creditors.
>
> MR. MILLER: I take issue with everything the trustee has just said about good faith and bad faith in this case. The trustee has done everything that I can imagine and a few things that he can imagine to attempt to frustrate my efforts to go forward in this case. He's filed six motions to dismiss. This trustee was also the trustee in my first bankruptcy and is also the trustee in the third bankruptcy.
>
> THE COURT: All right. I think the trustee—
>
> MR. MILLER: I would rather brief the whole thing, Your Honor. You have a full courtroom this morning.
>
> THE COURT: Well, yeah, and the thing is if I understand correctly, your plan proposes three payments and stops?
>
> MR. MILLER: Because I figured at that time that we would have the issue of the tax deed resolve. The real—
>
> THE COURT: You've got to make your plan payments, and I told you that, you know, emphatically a long time ago.
>
> [TRUSTEE]: And he has not—
>
> THE COURT: How many payments are we behind?
>
> [TRUSTEE]: Starting from which date? Because if we go from the beginning of the case when he should have been making payments, we're way behind.
>
> MR. MILLER: No.

4

> THE COURT: Let's start from the reinstatement.
>
> [TRUSTEE]: December and January.
>
> THE COURT: Okay.
>
> MR. MILLER: Well—
>
> THE COURT: Two payments down.
>
> MR. MILLER: Well—
>
> THE COURT: I dismiss everybody else's case when they're down.
>
> MR. MILLER: Well, I think there is an issue here of whether the debtor was reasonably informed that those payments should continue.
>
> THE COURT: Okay, case dismissed. All right, the case is dismissed.
>
> THE CLERK: That's on the trustee's motion?
>
> THE COURT: Yes, on the trustee's motion for failure to pay. I've made it really clear to Mr. Miller he has to make his plan payments. He can't just decide whether he wants to or not wants to because he's got other issues.
>
> MR. MILLER: That's not the case here, Your Honor.
>
> THE COURT: All right. That's it. The case is dismissed. The other matters are moot.

Bankr. Hr'g Tr. Jan. 30, 2012, Appellant's Am. Br., Dkt. 15 at 55-58. The bankruptcy court then entered orders granting the trustee's motion to dismiss based on failure to make plan payments, denying confirmation of Miller's Chapter 13 plan as moot, and denying Miller's motion for a declaration that a § 362 automatic stay was in effect as moot. *See* Orders, *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Jan. 30, 2012), Dkt. 99, 100, & 102.

Miller returned to the bankruptcy court a week later for another hearing on February 6, 2012, seeking a stay pending appeal of the dismissal for failure to make plan payments. *See* Bankr. Hr'g Tr. Feb. 6, 2012, Appellant's Am. Br., Dkt. 15 at 59. The following transpired:

> THE COURT: You know, it's a p[r]etty simple matter that if your case gets dismissed for not making plan payments, people usually come in within the 10

days and have their money and I'll reinstate the case, but now you want a stay pending appeal for dismissal.

MR. MILLER: Yes, Your Honor.

THE COURT: And that I'm going to deny because you don't have any grounds for a stay. You didn't make the payments. There is no dispute about that. Again, like I said, if you had come in with the money and just say, like a lot of other people do, I'm caught up now, Judge; reinstate my case within the 10 days. But you don't do that. You want to appeal my dismissal for lack of plan payment. And that I don't think you'll win on the merits on [sic]. So I'm going to deny this motion.

MR. MILLER: Your Honor, um—

THE COURT: Your motion is denied.

*Id.* at 61-62.

On February 10, 2013, despite the bankruptcy court's order denying him leave to do so, Miller filed a written response to the trustee's motion to dismiss, arguing that his petition was improperly dismissed because at the hearing on January 30, 2012, the trustee had "fail[ed] to note the proposed Compliance Plan makes no provision for payments beyond those already received and admitted." *See* Resp., *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Feb. 10, 2010), Dkt. 109 at ¶ 29. Miller then noticed motions to vacate the bankruptcy court's dismissal order and reinstate his case and for additional findings of fact, *see* Mots., *Marshall v. Miller,* 10 B 25290 (Bankr. N.D. Ill. Feb. 13, 2012), Dkt. 110 & 111, but failed to appear at the hearing on those motions scheduled for February 27, 2012. *See* Mot., *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Feb. 13, 2012), Dkt. 110; Bankr. Hr'g Tr. Feb. 27, 2012, Appellant's Am. Br., Dkt. 15 at 63-65. The bankruptcy court then denied the motions on the merits. *See* Bankr. Hr'g Tr., Appellant's Am. Br., Dkt. 15 at 3:7-12.

## II. ANALYSIS

This Court has "jurisdiction to hear appeals…from final judgments, orders, and decrees…of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." 28 U.S.C. § 158(a). "District courts sit as appellate courts when hearing appeals from bankruptcy courts." *Hijjawi v. Five North Wabash Condo. Ass'n,* 491 B.R. 876, 880 (N.D. Ill. 2013) (citing *In re Neis,* 723 F.2d 584, 588 (7th Cir. 1983)). To that end, the Court "examine[s] the bankruptcy court's determinations of law *de novo* and its findings of fact for clear error." *In re Smith,* 582 F.3d 767, 777 (7th Cir. 2009) (citing *Wiese v. Cmty. Bank of Cent. Wis.,* 552 F.3d 584, 588 (7th Cir. 2009) (citing *In re ABC-Naco, Inc.,* 483 F.3d 470, 472 (7th Cir. 2007))); *see also* Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citing *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

The first task for the Court is to determine which issues have been properly appealed from the bankruptcy court. "An appeal from a final bankruptcy order must be filed within 14 days from entry of the order (*see* [Federal Rule of Bankruptcy Procedure]…8002(a)), and the time deadline for filing an appeal is mandatory and jurisdictional." *In re Lewis,* 459 B.R. 281, 291 (N.D. Ill. 2011) (citing *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 264 (1978); *see also In re Bond,* 254 F.3d 669, 673 (7th Cir. 2001)). Under Rule 8002(b), however, the time for appeal is extended by a timely motion to amend, make additional findings of fact under Rule 7052, or to alter or amend the judgment under Rule 9023. In this case, Miller timely filed motions to vacate the order of dismissal and for additional findings of fact on February 13, 2013,

thereby extending his time to appeal the January 30 Order. Those motions were denied on February 27, 2013, the same day that Miller filed the instant, and timely, notice of appeal. *See* Notice of Appeal, Dkt. 1.

The notice of issues, filed on March 13, 2012, presents for review the following questions:

> 1. Is the Bankruptcy Court [sic] January 30 dismissal without leave for Debtor to file a Response to the Rule 9014 Motion to Dismiss such error as to require reversal?
>
> 2. Is the Bankruptcy Court [sic] February 27 denial of Debtor's 7052 Motion for Denial for Additional Findings such error as to require reversal?
>
> 3. Is the Bankruptcy Court's denial of Motions for Section 362 or Section 105 Stay on September 19, 2011 and afterward such error as to require reversal?

Appellant's Notice of Issues, Dkt. 1 at 10.

Without leave of the Court, Miller then filed an amended notice of issues on May 1, 2012.[2] *See* Am. Notice, Dkt. 5. In that amended notice, Miller presented the following issues for review:

> 1. Was the Section 362 stay automatically re-instated as to Property of the Estate when this Court reversed and re-instated the Petition on May 24, 2011? Is the Bankruptcy Court's denial of Debtor's September 19 Motions for Section 362 or Section 105 Stay and afterward such error as to require reversal of that denial? Does the Bankruptcy Court's February 27 denial of Debtor's Rule 7052 Motion for Additional Findings compound such error?
>
> 2. Is the Bankruptcy Court's January 30 dismissal (particularly, as without leave for Debtor to file a Rule 9014 Response to Trustee's Motion to Dismiss) such error as to call for reversal of the dismissal? Do the January 30 circumstances

---

[2] Bankruptcy Rule 8006 provides that "[w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a)…the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8006. As noted above, Miller timely filed a notice of issues on March 13, 2013 (exactly 14 days after he filed his notice of appeal on February 27, 2013). Miller's amended notice of issues however, filed on May 1, 2013, is clearly untimely.

show a *sua-sponte* court decision? Were the Rule 9014 notice and hearing provisions violated in those proceedings?

3. During Petition 25290 proceedings does Trustee's conduct as to Debtor's real property establish grounds for a Debtor adversarial action for violation of fiduciary duty?

4. In the context of the Hammond Bankruptcy Court's March 26 determination / April 6 Order / April 30 hearing as to two Chapter 13 Petitions simultaneously in effect, did that Court have grounds for (March 16) holding as non-binding the May 24, 2011 Northern Illinois District Court findings are to Petition 10-bk-34623?

Am. Notice of Issues, Dkt. 5 at 2-3; Appellant's Am. Br., Dkt. 15 at 1-2. Miller's amended notice, however, was filed well outside of the 14-day deadline. Because the additional issues raised in Miller's amended appeal (namely, three and four) were not timely filed, the Court lacks jurisdiction to review them on the merits. *See In re Lewis,* 459 B.R. at 291 ("Debtor Lewis did not file his amended notice of appeal until…116 days after entry of the bankruptcy court's…order. Because Debtor's appeal was well beyond the 14-day deadline, his appeal is not timely and the Court lacks jurisdiction to review the bankruptcy…order."). Accordingly, Miller's appeal is dismissed as to issues three and four of the amended notice. *See id.*

Further, although Miller timely filed his first notice, he has failed to develop or present any argument regarding the second issue set forth in that notice, namely whether the bankruptcy court erred by denying his motion for additional findings of fact on February 27, 2012. Accordingly, that claim is waived, and Miller's appeal is dismissed as to that issue. *See Hess v. Kanoski & Assoc.,* 668 F.3d 446, 455 (7th Cir. 2012) ("This court has repeatedly explained that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.'" (citing *United States v. Hook,* 471 F.3d 766, 775 (7th Cir. 2006))). That leaves two issues properly before the Court on appeal: (1) whether the bankruptcy court improperly dismissed Miller's Chapter 13 petition at the January 30, 2012, hearing for failure to

make plan payments; and (2) whether the bankruptcy court erred when it denied Miller's motions for a stay on September 19, 2011, and afterward. *See* Appellant's Notice of Issues, Dkt. 1 at 10.

At the January 30 hearing, the bankruptcy court found that Miller had failed to pay payments pursuant to his proposed Chapter 13 repayment plan and dismissed Miller's petition on that basis pursuant to § 1307(c). The bankruptcy court did not reach the merits of his motion for a stay or confirmation of his bankruptcy plan, instead denying those motions as moot once the case had been dismissed.[3]

> Section 1307(c)(4) provides that:
>
> on request of a party in interest or the United States trustee and after notice and a hearing, the [bankruptcy] court may convert a case under this chapter [13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including…(4) failure to commence making timely payments under section 1326 of this title.

11 U.S.C. § 1307(c)(4). Section 1326, in turn, provides that "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan…in the amount…proposed by the plan to the trustee." The requirement to make plan payments applies both to the failure to begin making payments and the failure to continue making payments. "Courts considering situations in which a debtor commenced making payments but then either stopped or paid less than the plan required have considered the text of section 1307(c)(4) and concluded that a failure to *continue* making payments as required by the

---

[3] Miller correctly notes that his Chapter 13 petition was dismissed for failure to make plan payments, and not, as the trustee contends, for failure to propose a feasible plan. *See* Appellee's Br., Dkt. 16 at 3. Indeed, the trustee's responsive brief only advances the argument that Miller failed to propose a feasible Chapter 13 plan by, *inter alia,* inconsistently stating his income in the bankruptcy proceedings and *in forma pauperis* applications before the Seventh Circuit—an issue never addressed by the bankruptcy court. *See id*. As a result, the trustee's brief added very little to the Court's review of the issues on appeal.

plan is cause for dismissal." *In re Mallory,* 444 B.R. 553, 558 (S.D. Tex. 2011) (emphasis in original) (citing *In re Jenkins,* No. 09-36433-H3-13, 2010 WL 56003, at *2 (Bankr. S.D. Tex. Jan. 5, 2010) (finding cause for dismissal of a case in which the debtor commenced making the payments required in the proposed plan but paid an amount less than required); *In re Tashjian,* 72 B.R. 968, 972 (Bankr. E.D. Pa. 1987) ("[W]e assume that [§ 1307(c)(4)] allows dismissal of Chapter 13 cases wherein the debtor not only never commences making any payments, but where he fails to continue to make such payments in regular fashion prior to confirmation.")); *see also Chapman v. Citicorp Mortg., Inc.,* No. 92 C 02862, 1992 WL 157499, at *3 (N.D. Ill. June 23, 1992) (same) (citing *In re Tashjian,* 72 B.R. at 972). And "the decision to convert or dismiss a Chapter 13 case pursuant to § 1307(c) is a matter of discretion for the bankruptcy court." *In re Henry,* 368 B.R. 696, 701 (N.D. Ill. 2007) (citing *In re Cutillo,* 181 B.R. 13, 14 (Bankr. N.D.N.Y. 1995)); *see also In re McDonald,* 118 F.3d 568, 569 (7th Cir. 1997). "[W]here the bankruptcy code commits a decision to the discretion of the bankruptcy court, [the Court] review[s] that decision only for abuse of discretion." *Wiese,* 552 F.3d at 588 (citing *Matter of Fortney,* 36 F.3d 701, 707 (7th Cir. 1994)).

Miller first contends that the bankruptcy court erred by failing to allow him to file a written response to the trustee's motion to dismiss under Rule 9014. Appellant's Am. Br., Dkt. 15 at 18. Rule 9014 provides that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). And more importantly, "[n]o response is required under this rule unless the court directs otherwise." *Id.* The bankruptcy court found that Miller had received due notice of the trustee's motion to dismiss, *see, e.g.,* Order, *Miller v. Marshal,* 10 B 25290 (Bankr. N.D. Ill. Jan. 30, 2012), Dkt. 99, and, as the record shows, a hearing was held on January 30, 2012. Indeed, Miller has neither argued nor

11

presented any record evidence that he did not receive notice of the trustee's motion. Nor has Miller presented evidence that the bankruptcy court abused its discretion by denying him the opportunity to file a written response prior to its adjudication of the trustee's motion to dismiss. *See In re Miller,* No. 10 C 04432, 2011 WL 940044, at *5 (N.D. Ill. Mar. 15, 2011) ("The decision whether to allow Miller to file a written response…was left to the bankruptcy court's discretion, which it chose not to exercise.").

Moreover, even if the bankruptcy court had abused its discretion in denying Miller the opportunity to present a written response, Miller's appeal would nonetheless still fail because the error would have been harmless. Miller would have had to show that his "substantial rights [were] affected by the error, and that is only true if he had a response to the government's motion that might have altered the court's decision." *In re Miller,* 2011 WL 940044, at *5 n.2 (citing *In re Bartle,* 560 F.3d 724, 730 (7th Cir. 2009)). As it happens, the record shows that Miller filed a written response despite the bankruptcy court's denial of that request, on February 10, 2012, but presented the same argument he had at the hearings on January 30, 2012, and February 6, 2012—*i.e.,* that he had made all the required payments up to that date pursuant to his proposed compliance plan. *See* Resp., *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Feb. 10, 2012), Dkt. 109 at ¶ 29. The bankruptcy court twice rejected that argument at the January and February hearings, and surely would have done so even if Miller's written response had been considered. *See, e.g.,* Bankr. Hr'g Tr. Feb. 6, 2012, Appellant's Am. Br, Dkt. 15 at 62:2-4 ("You didn't make the payments. There is no dispute about that.").

Next, as he did at the hearings before the bankruptcy court, Miller again contends that he made all plan payments—in effect challenging the bankruptcy court's finding of fact. According to the repayment plan filed by Miller on August 22, 2013, Miller was to pay the Chapter 13

12

trustee $200 per month for 3 months, for a total of $600. Proposed Plan, *Miller v. Marshall,* 10 B 25290 (Bankr. N.D. Ill. Aug. 22, 2011), Dkt. 62. Based on the trustee's report, the bankruptcy court found that Miller had failed to make plan payments—both before his petition was dismissed on July 27, 2010 and after the case was remanded to the bankruptcy court on May 24, 2011. *See* Bankr. Hr'g Tr. Jan. 30, 2012, Appellant's Br., Dkt. 15 at 57-58. The trustee reported that Miller had not only missed two months of payments since his case had been remanded, but that he was also "way behind" in payments since the filing of his petition on June 3, 2010. *See id.* at 57:15-18. Based on that report, the bankruptcy court found that there was no dispute that Miller had failed to make plan payments. *See* Bankr. Hr'g Tr. Feb. 6, 2012, Appellant's Am. Br., Dkt. 15 at 62:2-4.

Miller says nothing at all about the bankruptcy court's finding that he failed to make payments pursuant to the first proposed plan. He contends only that he made all of the required payments pursuant to the three-month proposed plan that he filed on August 22, 2011. Miller has failed, however, to present any record evidence to support this contention. To be sure, the record is sparse concerning which payments were and were not made. But the appellant bears the burden of demonstrating that the bankruptcy court's finding was clearly erroneous. *See In re Kutrubis,* 486 B.R. 895, 900 (N.D. Ill. 2013) (citing *Hower v. Molding Sys. Eng'g Corp.,* 445 F.3d 935, 939 (7th Cir. 2006)). In his amended brief, Miller merely asserts that he "fulfilled [his] duty" of making the payments proposed in the repayment plan he offered. Other than this conclusory assertion, Miller points to no support in the record that demonstrates the payments were actually made either before his petition was dismissed the first time and pursuant to the plan he filed on July 26, 2010, or after his case was remanded and pursuant to the proposed plan he filed on August 22, 2011. At bottom, based on the record that Miller has presented, the Court

cannot conclude that the bankruptcy judge was clearly erroneous in finding that Miller had failed to make plan payments. Moreover, Miller has not presented any evidence that the bankruptcy court's dismissal of his petition based on that finding was an abuse of discretion.

Finally, because the Court affirms the dismissal of Miller's Chapter 13 petition for failure to make plan payments, Miller's challenge to the bankruptcy court's denial of his motions for a stay are moot.[4] *See In re Ficken,* 2 F.3d 299, 300 (8th Cir. 1992) ("Because we affirm the effective dismissal of the Fickens' chapter 13 petition, the Fickens' challenge to the order lifting the stay is moot." (citing *Olive Street Inv., Inc. v. Howard Sav. Bank,* 972 F.2d 214, 216 (8th Cir. 1992))). As the *Olive Street* court explained, "[o]nce the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist." 972 F.3d at 216. "Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay," or, in this case, denied a motion

---

[4] In any event, even if the issue was not moot, there is a strong argument to be made that the Court would lack jurisdiction to review the matter on the merits. Although the question is an open one, the bankruptcy court's September 19 order denying Miller's motion for an extension of the stay under § 362(c) appears to have been a final order that Miller failed to timely appeal. *See Wellness Int'l Network, Ltd. v. Sharif,* No. 12-1349, 2013 WL 4441926, at *22 (7th Cir. 2013) ("Finality in the bankruptcy context 'is considerably more flexible than in an ordinary civil appeal taken under 12 U.S.C. § 1291'…as it does not require that the entire bankruptcy proceeding have been terminated." (citations omitted)). "Rather the test for finality in this context' is whether an order resolves a discrete dispute that, but for the bankruptcy, would have been a stand-alone suit." *Id.* (citing *Zedan v. Habash,* 529 F.3d 398, 402 (7th Cir. 2008); *In re USA Baby, Inc.,* 674 F.3d 882, 883 (7th Cir. 2012)). And orders that deny or grant relief from an automatic stay are appealable final orders "because the issue of whether the litigation in question may proceed has been resolved and because an immediate appeal by the trustee or debtor is necessary if there is to be appellate review at all." *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1284 (2d Cir. 1990); *see also Colon v. Option One Mortg. Corp.,* 319 F.3d 912, 916 (7th Cir. 2003) ("All courts that have considered the matter agree that an order lifting the automatic stay is a final judgment...We see no reason to disagree with the other circuits."). Further, at the hearing on January 30, the bankruptcy court never ruled on Miller's motion for a stay, instead denying his motion as moot.

for a stay; "the appeal has become moot." *Id.* (citing *Armel Laminates, Inc. v. Lomas Nettleton Co.,* 699 F.2d 963, 964 (8th Cir. 1982); *cf. Omoto v. Ruggera,* 85 B.R. 98, 100 (Bankr. 9th Cir. 1988))).

\*   \*   \*

The Court lacks jurisdiction to consider the issues identified in Miller's untimely amended notice of appeal; therefore, Miller's appeal is dismissed as to those issues. Because Miller has failed to present evidence that the bankruptcy court's finding that he had failed to make plan payments was clearly erroneous and that the bankruptcy court's decision to dismiss the case based on that finding was an abuse of discretion, the bankruptcy court's dismissal of Miller's Chapter 13 petition is affirmed. Accordingly, the Court need not consider Miller's appeal of the bankruptcy court's denial of his motion for a stay, and the appeal as to that issue is denied as moot. The bankruptcy court's dismissal of Miller's petition is therefore affirmed.

Entered: September 17, 2013

_____
John J. Tharp, Jr.
United States District Judge